**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

ALLYN DERRICK WASHINGTON,

      Plaintiff,

vs.                                                         Case No.: 8:07-cv-00135-JSM-MSS

CITY OF TAMPA, FLORIDA, a political
subdivision of the State of Florida;
RICHARD VEGA, an individual and in his capacity as a
Tampa Police Officer;
ALEXANDER THIEL, an individual and in his capacity
As a Tampa Police Officer;

      Defendants.

_____/

**FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

      Plaintiff, ALLYN DERRICK WASHINGTON ("WASHINGTON") sues Defendants, CITY OF TAMPA, FLORIDA, ("CITY") a political subdivision of the State of Florida; RICHARD VEGA, ("VEGA") individually and in his capacity as a Tampa Police Officer; ALEXANDER THIEL, ("THIEL") individually and in his capacity as a Tampa Police Officer; and alleges:

**INTRODUCTORY STATEMENT**

1.     Plaintiff, ALLYN DERRICK WASHINGTON ("WASHINGTON") sues Defendants, CITY OF TAMPA, FLORIDA; ("CITY") a political subdivision of the State of Florida; RICHARD VEGA, ("VEGA") individually; and ALEXANDER THIEL, ("THIEL") individually, for acts occurring during the course and scope of their employment as Officers with the City of Tampa Police Department, for committing acts under color of law, which deprived

the Plaintiff of rights secured under the Constitution, laws of the United States, and the State of Florida, and for refusing or neglecting to prevent such deprivations and denials to Plaintiff.

2. Plaintiff alleges that Defendants, VEGA and THIEL, unlawfully caused the arrest and detention of Plaintiff, in violation of his Constitutional rights and the laws of the State of Florida. Plaintiff alleges that Defendants, VEGA and THIEL, caused the commencement or continuation of criminal proceedings against Plaintiff in the absence of probable cause that Plaintiff committed any criminal offense, and that Plaintiff prevailed in said action.

3. This is a civil action for compensatory and punitive damages and for declaratory relief for violation of the protections guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

4. Plaintiff maintains that the deprivations and violations of his constitutional rights were carried out pursuant to the rules, regulations, customs, policies, and practices of defendants in their official capacity, and that the named defendant, acting under color of state law, knowingly caused plaintiff to be deprived of his federal constitutional rights.

5. Plaintiff requests this court to declare that the acts and/or omissions by defendant were unconstitutional under the United States Constitution and by an award of compensatory and punitive damages, compensate him for the violations of his constitutional rights and deter the defendants from further participation in such unconstitutional acts and/or omissions.

6. Plaintiff has fully complied with all conditions precedent to bringing this action imposed by the laws of the State of Florida, and particularly the provisions of § 768.28, Florida Statutes. A copy of Plaintiff's notice letter is attached hereto as Exhibit "A".

## JURISDICTION AND VENUE

7. This action arises under and is brought pursuant to 42 U.S.C. §1983 and § 1988 to remedy the deprivation, under color of state law, of rights guaranteed by the Eighth and Fourteenth Amendments to the United States Constitution. This Court has jurisdiction pursuant to 28 U.S.C. §1331.

8. Plaintiff's claims for declaratory relief are authorized by 28 U.S.C. §§2201 and 2202 and Federal Rule Civil Procedure, Rule 57.

9. This cause of action arose in the Middle District of Florida. Therefore, venue is proper under 28 U.S.C. §1391(b).

## THE PARTIES

10. Plaintiff ALLYN DERRICK WASHINGTON, ("WASHINGTON") is, and at all material times was, a citizen of the United States and a resident of the State of Florida and the Middle District of Florida.

11. Defendant, CITY OF TAMPA, FLORIDA, ("CITY OF TAMPA") is a political subdivision of the State of Florida.

12. Defendant, RICHARD VEGA, ("VEGA") is a Police Officer with the City of Tampa Police Department and was during the time period set forth in this Complaint. At all times referred to herein, Defendant VEGA was employed as a police officer for Defendant CITY OF TAMPA and was acting under the direction and control of Defendant CITY OF TAMPA, in such a capacity as an agent, servant and employee of Defendant CITY OF TAMPA and was acting pursuant to official customs, policies, and practices of Defendant CITY OF TAMPA or pursuant to the lack of official customs, policies and practices of Defendant CITY OF TAMPA and the TAMPA POLICE DEPARTMENT.

13. Defendant, ALEXANDER THIEL, ("THIEL") is a Police Officer with the City of Tampa Police Department and was during the time period set forth in this Complaint. At all times referred to herein, Defendant VEGA was employed as a police officer for Defendant CITY OF TAMPA and was acting under the direction and control of Defendant CITY OF TAMPA, in such a capacity as an agent, servant and employee of Defendant CITY OF TAMPA and was acting pursuant to official customs, policies, and practices of Defendant CITY OF TAMPA or pursuant to the lack of official customs, policies and practices of Defendant CITY OF TAMPA and the TAMPA POLICE DEPARTMENT.

## FACTS COMMON TO ALL COUNTS

14. On or about December 7, 2005, Defendants VEGA and THIEL were on routine patrol in a City of Tampa police vehicle, in the area of N. Boulevard and Case Street W. At approximately 1:27am, the Defendants VEGA and THIEL came upon a 1995 Chevrolet Pick-up truck traveling Southbound on N. Boulevard driven by Plaintiff WASHINGTON.

15. Defendants VEGA and THIEL claim they "ran the tag" on Plaintiff's vehicle via police computer, which claimed to have revealed the Plaintiff had a suspended driver's license via court order from 08/08/05. In truth in fact, the driver's license of the Plaintiff was not suspended via court order but was valid, and the Defendants VEGA and THIEL merely fabricated this information to justify the stop of the Plaintiff's vehicle.

16. Upon making the traffic stop on the Plaintiff's vehicle by activating their emergency lights, Defendant VEGA approached the Plaintiff's vehicle from the driver's side. Defendant VEGA, without any probable cause, immediately proceeded to open the driver's side door of Plaintiff WASHINGTON'S vehicle and violently pull the Plaintiff from his truck. During this time, Defendant THIEL was approaching the passenger side of Plaintiff WASHINGTON'S

vehicle. Once Defendant VEGA violently removed the Plaintiff from his truck, Defendant THIEL immediately proceeded to join Defendant VEGA on the driver's side of the truck.

17. Defendant VEGA then forcefully pushed Plaintiff WASHINGTON against the hood of the truck and proceeded to violently raise his arm behind and above his head causing immediately pain and injury to the arm, shoulder and neck of the Plaintiff.

18. While Defendant VEGA was using unreasonable and excessive force on Plaintiff WASHINGTON, Defendant THIEL proceeded to deploy and activate his taser striking the Plaintiff once in the body causing the Plaintiff to fall to the ground in immediate pain and discomfort.

19. Plaintiff WASHINGTON was subsequently forcefully, unlawfully and without sufficient probable cause, handcuffed and placed under arrest by Defendant VEGA and Defendant THIEL for Driving With License Suspended with knowledge and detained in Central booking of the City of Tampa Police Department.

20. As a result of his unlawful arrest and detention, Plaintiff WASHINGTON had to retain the services of an attorney to defend his case.

21. As proof of the false arrest and lack of sufficient probable cause to arrest and detain the Plaintiff at the hands of the Defendants VEGA and THIEL; on April 03, 2006, the Hillsborough County State Attorney's Office through Assistant State Attorney, Don T. Wilcox, dismissed all charges against the Plaintiff in a Letter of Release for Allyn Derrick Washington, Case No. 05-CF-023861 stating "after several attempts the Court ordered suspension could not be verified." (See, copy of Letter of Release, dated April 03, 2006 attached and incorporated herein as EXHIBIT "B").

22. Additionally, as a result of his unlawful arrest and detention, the Tampa Police Department through Defendants VEGA and THIEL, illegally and unlawfully used excessive and unreasonable use of force by wrenching the arm and shoulder of the Plaintiff and unnecessarily tasing Plaintiff WASHINGTON.  The force used in putting his arms in a position behind his back created severe injury to the neck and back of Plaintiff WASHINGTON.

### COUNT I
### PLAINTIFF WASHINGTON'S CUSTOM, POLICY AND PRACTICE CLAIM AGAINST CITY OF TAMPA, FLORIDA COGNIZABLE UNDER TITLE 42 U.S.C. § 1983

For this cause of action against Defendant CITY, in Count I, Plaintiff states as follows:

23. Plaintiff WASHINGTON re-alleges and adopts as if fully set forth in Count I, the allegations of paragraphs 1 through 22.

24. Defendant CITY OF TAMPA was the final policymaker for matters occurring within the TAMPA POLICE DEPARTMENT and the sworn and unsworn law enforcement officers employed by the TAMPA POLICE DEPARTMENT acted under the direction and control of Defendant CITY OF TAMPA and pursuant to the official policy or the practice, custom and usage of CITY OF TAMPA or as a result of the lack of official policy.

25. Acting under color of law, by and through the policymakers of Defendant CITY OF TAMPA and pursuant to either official policy or the practice, custom, and usage of Defendant CITY OF TAMPA intentionally, knowingly, recklessly, or with deliberate indifference to the rights, privileges, and immunities guaranteed by the United States Constitution, failed to instruct, supervise, control and/or discipline, on a continuing basis, its agents, servants, and employees, so as to prevent the unlawful arrest of Plaintiff, in violation of the Fourth and Fourteenth Amendments of the United States Constitution and 42 U.S.C. § 1983.

26.     Defendant CITY OF TAMPA, had knowledge of or, had it diligently exercised its duties to instruct, supervise, control, and discipline its agents and/or employees on a continuing basis, should have had knowledge of the wrongs that were done, as heretofore alleged, or that other unlawful or unconstitutional acts were going to be committed.  Defendant CITY OF TAMPA had power to prevent or aid in the prevention of the commission of said wrongs, could have done so, and intentionally, knowingly, or with deliberate indifference to the constitutionally protected right of others, failed or refused to do so.

27.     Defendant CITY OF TAMPA directly or indirectly, under color of law, approved or ratified the unlawful and deliberately indifferent conduct heretofore described.

28.     The official policy, or the lack of necessary policies, and/or the practice, custom, and usage of Defendant CITY OF TAMPA caused the deprivation of Plaintiff WASHINGTON'S constitutionally protected rights contrary to the United States Constitution and 42 U.S.C. § 1983.

29.     As a direct and proximate result of the acts described above, in violation of 42 U.S.C. § 1983, Plaintiff WASHINGTON has suffered grievously, has been brought into public scandal, and with great humiliation and mental suffering.

30.     As a further direct and proximate result of the conduct of Defendant CITY OF TAMPA, Plaintiff WASHINGTON suffered mental anguish, and loss of capacity for the enjoyment of life. The losses are either permanent or continuing and Plaintiff, WASHINGTON, will suffer the losses in the future, in violation of Plaintiff WASHINGTON'S, civil rights.  Plaintiff WASHINGTON, has agreed to pay the undersigned counsel a reasonable fee for their services herein.

        **WHEREFORE**, Plaintiff WASHINGTON prays:

                a.  Judgment for compensatory damages in excess of $75,000.00 dollars;

    b. Judgment for exemplary damages;

    c. Cost of suit;

    d. Reasonable Attorney's fees, pursuant to 42 U.S.C. § 1988;

    e. Trial by jury as to all issues so triable; and

    f. Such other relief as this Honorable Court may deem just and appropriate.

<u>**COUNT II**</u>
<u>**PLAINTIFF WASHINGTON'S FOURTH AMENDMENT**</u>
<u>**CLAIM AGAINST RICHARD VEGA AND ALEXANDER THIEL, INDIVIDUALLY, COGNIZABLE UNDER TITLE 42 U.S.C. § 1983 FOR MALICIOUS PROSECUTION**</u>

For this cause of action against Defendants VEGA and THIEL in Count II, Plaintiff states as follows:

31. Plaintiff WASHINGTON re-alleges and adopts as if fully set forth in Count II, the allegations of paragraphs 1 through 22.

32. Defendants VEGA and THIEL, by direct act and indirect procurement, personally participated in or proximately caused Plaintiff WASHINGTON'S arrest and detention in the absence of probable cause that Plaintiff WASHINGTON committed any criminal offense.

33. The arrest and detention along with the filing of criminal charges against Plaintiff WASHINGTON was done by the Defendants with malice, in that the Defendants knew or should have known that Plaintiff WASHINGTON had not violated any laws of the State of Florida and that his driver's license was not suspended via Court Order at the time the Plaintiff was arrested and detained.

34. Despite the knowledge the Plaintiff had not violated any laws of the State of Florida, Defendants maliciously proceeded to violate the Fourth Amendment rights of the Plaintiff by arresting and detaining him without sufficient probable cause, which directly resulted in the filing of criminal charges against the Plaintiff, which began the criminal prosecution of the

Plaintiff in the criminal courts of the Thirteenth Judicial Circuit of Florida, Hillsborough County, Florida.

35. With the filing of the criminal affidavit charging the Plaintiff with violations of Florida Statutes, the Defendants were the legal cause of the original criminal proceeding filed against the Plaintiff.

36. As a result of the actions or omissions of Defendants VEGA, the original criminal proceeding was terminated with prejudice when the Hillsborough County State Attorney was unable to verify the Plaintiff's driver's license was suspended via Court Order.

37. The conduct of Defendants VEGA and THIEL toward Plaintiff WASHINGTON was objectively unreasonable and violated Plaintiff WASHINGTON'S clearly established rights under the Fourth and Fourteenth Amendments and 42 U.S.C. § 1983 to be free from arrest and detention in the absence of probable cause.

38. As a direct and proximate result of the acts described above, in violation of 42 U.S.C. § 1983, Plaintiff WASHINGTON has suffered damages in the nature of being brought into public scandal and humiliation with the filing of criminal charges for driving with a suspended license being filed against him. Plaintiff WASHINGTON has also suffered damages in the nature of humiliation and financial suffering in that Plaintiff had to post monetary bond for the charges filed against him, and expended money to obtain the services of an attorney for the purposes of defending against the unlawful conduct of the Defendants.

39. As a further direct and proximate result of the conduct of Defendants VEGA and THIEL Plaintiff WASHINGTON has suffered damages for loss of his liberty and freedom, pain and suffering, loss of capacity for the enjoyment of life, and the expense of defending himself against the wrongful and unlawful charges. The losses are either permanent or continuing and Plaintiff

9

WASHINGTON will suffer losses in the future, in violation of Plaintiff WASHINGTON'S civil rights. Plaintiff WASHINGTON has agreed to pay the undersigned attorneys a reasonable fee for their services herein.

    **WHEREFORE**, Plaintiff WASHINGTON prays:

        a.    Judgment for compensatory damages in excess of $75,000.00 dollars;

        b.    Judgment for exemplary damages;

        c.    Cost of suit;

        d.    Reasonable Attorney's fees, pursuant to 42 U.S.C. § 1988;

        e.    Trial by jury as to all issues so triable; and

        f.    Such other relief as this Honorable Court may deem just and appropriate.

**COUNT III**
**PLAINTIFF WASHINGTON'S FALSE ARREST/FALSE IMPRISONMENT CLAIM**
**AGAINST DEFENDANT CITY OF TAMPA, FLORIDA**

For this cause of action against Defendant CITY OF TAMPA, FLORIDA, in Count III, Plaintiff states as follows:

40. Plaintiff WASHINGTON re-alleges and adopts as if fully set forth in Count III, the allegations of paragraphs 1 through 22.

41. As set forth above, Defendants VEGA and THIEL, acting together with other employees of Defendant CITY OF TAMPA POLICE DEPARTMENT, caused the false arrest and false imprisonment of Plaintiff WASHINGTON.

42. The actions of the employees of Defendant CITY OF TAMPA POLICE DEPARTMENT in arresting Plaintiff WASHINGTON without probable cause, as set forth herein, were taken in absence of lawful authority, and constitute false arrest and false imprisonment of Plaintiff WASHINGTON.

43. The false arrest and false imprisonment of Plaintiff WASHINGTON by Defendant VEGA, acting together with other employees of Defendant CITY OF TAMPA'S police department were committed in the course and scope of their employment as police officers for Defendant CITY OF TAMPA.

44. As a direct and proximate result of the acts described above, Plaintiff WASHINGTON has suffered grievously, has been brought into public scandal, and with great humiliation and mental suffering.

45. As a further direct and proximate result of the conduct alleged herein, Plaintiff WASHINGTON has incurred substantial attorney's fees in the defense of the criminal charges filed against him, suffered loss of his liberty and freedom, mental anguish, loss of capacity for the enjoyment of life, loss of earnings, and the loss of the ability to earn money. The losses are either permanent or continuing and Plaintiff WASHINGTON will suffer losses in the future, in violation of Plaintiff WASHINGTON'S civil rights.

  **WHEREFORE**, Plaintiff WASHINGTON prays:

   a. Judgment for compensatory damages in excess of $75,000.00 dollars;

   b. Judgment for exemplary damages;

   c. Cost of suit;

   d. Reasonable Attorney's fees, pursuant to 42 U.S.C. § 1988;

   e. Trial by jury as to all issues so triable; and

   f. Such other relief as this Honorable Court may deem just and appropriate.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for entry of judgment against defendants, jointly and severally, for compensatory damages as proven at trial; for an award of punitive damages against the individual defendants jointly and severally; for costs, expenses, and attorneys' fees in this action pursuant to 42 U.S.C. §1988; for an order declaring that the defendants have acted in violation of the United States Constitution; for an order enjoining the defendants from engaging in any of the unlawful acts, omissions, or practices complained of herein, and such other and further relief as this Court may deem proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands trial by jury on all issues.

Date:   May 14, 2007

                                            Respectfully submitted,

                                            */s/ Ronald J. Kurpiers, II*
                                            RONALD J. KURPIERS, II, Trial Counsel
                                            Fl. Bar No.: 0567140
                                            Kurpiers Law Firm, P.A.
                                            707 N. Franklin Street, 6th Floor
                                            Tampa, FL 33602
                                            (813) 637-2900
                                            Fax (813) 637-2905
                                            Attorney for Plaintiff
                                            rkurpiers@rjklawoffices.com

## CERTIFICATE OF SERVICE

  **I HEREBY CERTIFY** that on May 14, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

            Respectfully submitted,

            */s/ Ronald J. Kurpiers, II*
            RONALD J. KURPIERS, II, Trial Counsel
            Fl. Bar No.: 0567140
            Kurpiers Law Firm, P.A.
            707 N. Franklin Street, 6th Floor
            Tampa, FL 33602
            Tel: 813-637-2900
            Fax: 813-637-2905
            rkurpiers@rjklawoffices.com
            *Attorney for Plaintiff*