**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**ALLYN DERRICK WASHINGTON,**

    **Plaintiff,**

v.                                           Case No.  8:07-cv-135-T-30TGW

**CITY OF TAMPA, FLORIDA, a political**
**subdivision of the State of Florida;**
**RICHARD VEGA, an individual and in his**
**capacity as a Tampa Police Officer;**
**ALEXANDER THIEL, an individual and in**
**his capacity as a Tampa Police Officer,**

    **Defendants.**
_____/

## **ORDER**

THIS CAUSE comes before the Court upon Defendants Motion(s) for Summary Judgment (Dkts. #25, 26, 27), Affidavit of Alexander Thiel (Dkt. #28), Affidavit of Richard Vega (Dkt. #29), Deposition of Allyn Washington (Dkt. #30), Affidavit of Stephen Hogue (Dkt. #31), Plaintiffs' Motion to File Second Amended Complaint and Plaintiffs' Motion to Dismiss Defendants City of Tampa, Richard Vega and Alexander Thiel and Supporting Memorandum of Law (Dkt. #33), and Plaintiff's Response to Defendants' Motion(s) for Summary Judgment (Dkt. #34).  The Court, having considered the motions, response, affidavits, deposition, and bring otherwise advised in the premises, concludes that Defendants' motions for summary judgment should be granted and Plaintiff's motion to file a second amended complaint should be granted.

Plaintiff admits that there are no genuine issues as to any material fact and no issue for trial in relation to claims against Defendants, City of Tampa, Alexander Thiel, and Richard Vega (collectively, the "Defendants"). Through discovery, Plaintiff has determined that the Department of Highway Safety and Motor Vehicles failed to reinstate the Plaintiff's Driver's License and allowed his license to remain suspended. Defendants relied on the information provided to their department's computer when it indicated that the Plaintiff's driver's license was suspended for failure to pay child support. Plaintiff agrees that Defendants should not be held liable for the accuracy of information maintained by the Florida Department of Highway Safety and Motor Vehicles.

Accordingly, the Court concludes that summary judgment should be entered in favor of Defendants. Plaintiff is granted leave to amend his complaint in order to add the Department of Highway Safety and Motor Vehicles as a defendant. Plaintiff's motion to dismiss Defendants is denied.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant City of Tampa's Motion(s) for Summary Judgment (Dkts. #25) is **GRANTED**.

2. Defendant Alexander Thiel's Motion(s) for Summary Judgment (Dkts. #26) is **GRANTED**.

3. Defendant Richard Vega's Motion(s) for Summary Judgment (Dkts. #27) is **GRANTED**.

4. The Clerk is directed to enter **JUDGMENT** in favor of Defendants City of Tampa, Alexander Thiel, and Richard Vega and against Plaintiff Allyn Derrick Washington.

5. Plaintiffs' Motion to File Second Amended Complaint and Plaintiffs' Motion to Dismiss Defendants City of Tampa, Richard Vega and Alexander Thiel and Supporting Memorandum of Law (Dkt. #33) is **GRANTED IN PART AND DENIED IN PART** as stated herein.

6. Plaintiff shall file a Second Amended Complaint within twenty (20) days of the date of this Order.

**DONE** and **ORDERED** in Tampa, Florida on July 15, 2008.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2007\07-cv-135.msj and mt amend 25-27,33.wpd